**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

Nos. 07-2178
      07-2179

LORRAINE FEMINO,

Plaintiff, Appellant,

v.

NFA CORPORATION,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

Lorraine Femino on brief pro se.
William E. O'Gara and Pannone Lopes & Devereaux LLC on brief
for appellee.

April 14, 2008

**Per Curiam**.   In these consolidated appeals, pro se plaintiff-appellant Lorraine Femino seeks review of the district court's grant of summary judgment to her former employer, NFA Corporation ("NFA"), in two actions alleging violations of the Employee Retirement Income Security Act (ERISA) and the Americans with Disabilities Act (ADA).[1]   Appellant's claims arise from the termination of her long-term disability benefits under an employer-sponsored plan ("LTD Plan") based on a provision limiting benefits for disabilities based on "self-reported symptoms" to twenty-four months.   Essentially for the reasons set forth in the magistrate judge's two Reports and Recommendations dated June 6, 2007, we conclude that the ERISA claims brought in each of the underlying cases were subject to claim preclusion based on the final judgment entered on September 5, 2006, in Femino v. NFA Corporation, Civil Action No. 05-519ML ("Femino I"), an earlier ERISA action filed in the United States District Court for the District of Rhode Island. See Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).   To the extent appellant challenges related discovery rulings made in Civil Action No. 06-143ML ("Femino II"), we see no abuse of discretion.

As to the ADA claims, the district court concluded that appellant was ineligible for protection under the ADA because she

---

[1]Appellant also has requested leave to file a supplemental appendix containing documents filed in a related district court action.  The unopposed motion is granted.

-2-

was totally disabled at all relevant times and therefore, by definition, was not a "qualified individual with a disability." See 42 U.S.C. §§ 12112(a), 12111(8). Appellant challenges this interpretation of the statute, and argues that the relevant language is ambiguous and should be construed to include even totally disabled former employees. We have not yet squarely addressed this issue, but we find it unnecessary to do so in this case because we conclude, as the district court did, that appellant's claims lack merit in any event.

On the merits, appellant's primary contention is that the district court misconstrued her claims and failed to consider her claim of "disparate-impact" discrimination. Appellant states that she does not allege, as the district court suggested, that the self-reported symptoms limitation was discriminatory as written because it treated disabilities based on self-reported symptoms differently from other types of disabilities. Instead, she maintains that her claim was based on the theory that the self-reported symptoms limitation, although not discriminatory on its face, was administered in a manner that disproportionately affected individuals who, like appellant, were disabled due to fibromyalgia.

To make out a prima facie case of disparate impact discrimination, a plaintiff must (1) identify the challenged employment practice or policy, and pinpoint the defendant's use of it" (2) "demonstrate a disparate impact on a group characteristic

-3-

. . . that falls within the protective ambit of [the ADA]"; and (3) "demonstrate a causal relationship between the identified practice and the disparate impact."  E.E.O.C. v. Steamship Clerks Union, Local 1066, 48 F.3d 594, 601 (1st Cir. 1995) (citations omitted); see 42 U.S.C. § 12112(b)(3).  Even assuming that appellant's allegations are adequate to state a claim of disparate-impact discrimination, the only evidence she offered to demonstrate that the self-reported symptoms limitation had a disproportionately negative effect on individuals suffering from fibromyalgia was that the medical evidence in her own case was deemed insufficient to establish that her disability was not based on self-reported symptoms.  This is not enough to demonstrate a disparate impact on the particular group appellant identifies.  In essence, appellant's disparate-impact theory seems to be nothing more than a dressed-up claim that her benefits were arbitrarily terminated; absent any evidence of discrimination, ERISA provides the appropriate avenue for review.  However, as noted above, that avenue is no longer open to appellant in light of the judgment entered in Femino I.

The judgments of the district court are affirmed.